**Josh MANGRUM, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–98–00151–CR.**

Court of Appeals of Texas, Tyler.

July 29, 1999.

Sten M. Langsjoen, Tyler, for appellant.

Elmer C. Beckworth, Rusk, for appellee.

Panel consisted of RAMEY, Jr., C.J., HADDEN, J., and WORTHEN, J.

WORTHEN, Justice.

Josh Mangrum ("Appellant") appeals his conviction for capital murder. Since the State elected not to seek the death penalty, the trial court sentenced him to a mandatory life sentence after a jury found him guilty as charged in the indictment. Appellant raises five issues concerning the Fifth Amendment of the Federal Constitution and the voluntariness of his confession. We will affirm.

Appellant was indicted for the deaths of William Stephens ("Stephens") and Billy Shoemaker ("Shoemaker"). Appellant and Kathy Haskins ("Kathy") conspired to kill her husband, John Haskins ("John"). She promised Appellant money and personal property to murder John and make it look like an accident. Appellant recruited Stephens and Shoemaker to help. On the day of the attempted murder, the three confederates waited in John's house for him to return from work. During the ensuing fight, John killed both Stephens and Shoemaker, while Appellant escaped. The State tried the case under the theory of "transferred intent," in that Appellant intended to cause the death of another and

the only difference was that his friends were killed and not John. *See* TEX. PEN. CODE ANN. § 6.04(b) (Vernon 1994).

■ Appellant's first three issues concern his Fifth Amendment right not to incriminate himself. He was called to testify at Kathy's examining trial by her attorneys. During his testimony, he took the Fifth Amendment nineteen times. On appeal, he contends that the trial court erred when it did not suppress his examining trial testimony and admitted it into evidence at trial. And he further contends that by reading the transcript of his testimony to the jury, the State unfairly commented on his right not to incriminate himself. The cases cited by Appellant properly set out the law in instances where the State comments on the failure of the defendant to testify at his trial. He requests that we apply that constitutional concept to the facts of this case. He alleges that, by the jury being aware of his Fifth Amendment plea, he was prejudiced in the same manner as by a comment on his failure to testify. Appellant contends this unfair prejudice prevented him from having a fair trial.

■ The Fifth Amendment to the Federal Constitution and Article 38.08 of the Texas Code of Criminal Procedure proscribe the State's use of a defendant's choice not to testify or give evidence against himself as a circumstance against him. This concept of fairness is central to our system of jurisprudence. However, we are unable to find a precedent to support the legal conclusion that Appellant requests. The record does not reflect that a prosecutor commented on Appellant's failure to testify or his plea of the Fifth Amendment. At the examining trial, Appellant chose not to testify on certain matters that might incriminate him. We find no cases which indicate that this prior testimony would be inadmissible at a subsequent trial except where the prejudicial effect would far outweigh any probative value. We agree that it is prejudicial for Appellant to the extent that anyone pleading the Fifth Amendment would be prejudiced to a trier of fact; however, it is not reversible error. Pursuant to Rule 44.2 of the Texas Rules of Appellate Procedure, since it is not constitutional error, it is not subject to a harmless error review. And, since we hold that it is not a constitutional error, we must disregard it unless a substantial right is affected. We hold that no substantial right was affected.

Our analysis of these issues require that we begin with a review of the admissibility of the examining trial testimony. Appellant was called as a witness at Kathy's examining trial. During this testimony, he admitted that he despised John and that he, Shoemaker, and Stephens were going to kill John for the money and automobile which Kathy promised him, and so that Kathy's daughter, Susan Starliper ("Starliper"), could come home. After this admission, Appellant pled the Fifth Amendment when asked specific questions concerning the plot to kill John. The record reflects that Appellant had a previous relationship with Starliper which ended when she moved away. Starliper had left home presumably because John had mistreated her and had pled guilty to a charge of indecency with a child involving her.

Appellant moved before trial to suppress his confession and statements on the basis that they were the product of custodial interrogation and not freely and voluntarily given. The trial court denied this motion. On appeal, he contends that his motion can be construed to include his examining trial testimony. We do not agree. At trial, Appellant made a general objection, subject to his motion to suppress, when the transcript of his examining trial testimony was read to the jury. The trial court overruled his objection and allowed the transcript to be read to the jury but not introduced into evidence. On its own, the trial court advised the jury to disregard those portions of Appellant's prior testimony where he asserted his Fifth Amendment privilege.

Article 38.22, section 5 of the Texas Code of Criminal Procedure provides that the statements of an accused at an examining trial are admissible when in compliance with the admonishments required by Articles 16.03 and 16.04 of the Code of Criminal Procedure. The record reflects that the proper admonishments were given prior to Appellant's testimony.

Appellant did not include a Rule 403 "balancing test" request in his objection, which must be urged for the trial court to weigh the probative and prejudicial value of the testimony. TEX.R.CRIM. EVID. 403; *Montgomery v. State*, 810 S.W.2d 372, 388 (Tex.Cr.App.1990). We hold that the trial court did not err in its handling of the examining trial testimony. Appellant's first three issues are overruled.

 Appellant contends in his fourth and fifth issues that the trial court erred when it did not grant his pre-trial motion and trial objection to suppress his confession. He contends that his statement should not be used against him because it was not freely and voluntarily given. At the hearing on the motion to suppress, Appellant testified that he was sleep-deprived from the use of amphetamines and was not fully aware of his rights. Deputy Dennis Blair stated, however, that he took Appellant's statement and that Appellant was properly admonished as to his Miranda rights prior to the statement being taken. He stated that Appellant did not voice any concern about his mental faculties during the interview. Blair testified that he did not appear sleepy, intoxicated or hyperactive. Appellant was given food, rest room privileges and cigarettes upon request. There were no promises made to him nor did he request that he have a lawyer present before he made a statement.

On a motion to suppress, the trial judge is the trier of fact, and as such, is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. *Romero v. State*, 800 S.W.2d

539, 543 (Tex.Cr.App.1990). The trial court is in the best position to make these determinations because it has the advantage of viewing the evidence firsthand, observing the demeanor and expression of the witnesses. *See Jackson v. Virginia*, 443 U.S. 307, 319–20, 99 S.Ct. 2781, 2789–90, 61 L.Ed.2d 560, 573–74 (1979); *Geesa v. State*, 820 S.W.2d 154, 178 (Tex.Cr.App. 1991). Our review of a trial judge's ruling on a motion to suppress is by an abuse of discretion standard on whether the facts support his holding. *Romero*, 800 S.W.2d at 543. We conclude that there was no abuse of discretion on the facts of this case. Appellant's fourth and fifth issues are overruled.

The judgment of the trial court is ***affirmed***.